1 | STEVEN M. COX, Esq.
P.C. #11552 SB #00594
2 |
LAW OFFICES
3 | WATERFALL, ECONOMIDIS, CALDWELL,
HANSHAW & VILLAMANA, P.C.
4 | Williams Center, Eighth Floor
5210 E. Williams Circle
5 | Tucson, AZ 85711
Telephone: (520)790-5828
6 | Facsimile: (520) 745-1279

7 | **DON B. ENGLER, P.C.**
**Don Engler, Esq.**
8 | SB # 003583
791 S. 4th Avenue, Suite E.
9 | Yuma, AZ 85364
Telephone: (928) 344-3000
10 | Facsimile: (928) 329-8152

11 | **Attorneys for Debtors/Defendants,**
**John A. Chavez and Paula F. Chavez**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA, YUMA DIVISION

| | |
|---|---|
| In re:<br><br>   JOHN A. CHAVEZ and PAULA F. CHAVEZ<br>*Debtor(s)* | Case No. 0:08-bk-18092-JMM<br><br>Chapter: 7 |
|    Braden Trust, et al.<br>*Plaintiff(s)*<br><br>v.<br><br>   JOHN A. CHAVEZ, et al.<br>*Defendant(s)* | Adversary No.: 0:09-ap-00128-JMM<br><br>**MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(a), F.R.C.P.** |

**COMES NOW**, the Debtors/Defendants, John A. Chavez and Paula F. Chavez, through Counsel above, and, pursuant to Rule 7056, F.R.B.P. and Rule 56(a), F.R.C.P., hereby move for entry of summary judgment dismissing the Plaintiffs' Complaint to Determine Dischargeability of

Debt, in its entirety. This motion is made upon the record herein, the authorities cited, and the discussion set forth in the following Memorandum of Points and Authorities.

DATED this 8th day of October, 2009.

        WATERFALL, ECONOMIDIS, CALDWELL,
        HANSHAW & VILLAMANA, P.C.

        and

        DON ENGLER, ESQ.

        By /s/ Steven M. Cox
        Steven M. Cox
        Attorneys for Debtors/Defendants,
        John A. Chavez and Paula F. Chavez

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### THE PLAINTIFFS' COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT FAILS TO STATE A CAUSE OF ACTION UNDER 11 U.S.C. § 523(A)(4)

Upon any reasonable examination of the Plaintiffs' six paragraph Complaint filed herein, it is clear that although not specified, the Plaintiffs assert in paragraph VI that "Defendants defalcation of Plaintiffs' money while acting in a fiduciary capacity as Plaintiffs' manager has resulted in debt to Plaintiffs of $337,160. This debt is not dischargeable under 11 U.S.C § 523[(a)(4)];" which, in pertinent part, provides:

    (a)    **A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does <u>not</u> discharge an individual debtor from any debt–**

    . . .

        (4)    <u>**for** fraud or **defalcation while acting in a fiduciary capacity**</u>**, embezzlement, or larceny; (Emphasis added.)**

2

In fact, although also not directly alleged in the Plaintiffs' Complaint, the actual basis for Plaintiffs' claim appears by virtue of the allegations in an earlier State Court "Complaint filed against Defendants in Yuma County Superior Court to recover damages resulting from Defendant John Chavez' [alleged] defalcation"; which is incorporated by reference through the attachment of a copy of that State Court Complaint "as Exhibit A."

In turn, the exact nature of the claimed fiduciary obligations of the Debtor John Chavez' allegedly violated by his purported "defalcation" is stated in paragraphs 19 and 20 of said State Court Complaint, as follows:

> **19. As General Manager and an employee of the Plaintiffs, Chavez owed a fiduciary duty to the Plaintiffs to act with the utmost trust, loyalty and care. As a result of such fiduciary relationship, Defendants were legally obligated to maintain the highest degree of loyalty and fidelity to Plaintiffs, and to refrain from deliberately undertaking any action detrimental to Plaintiffs.**
>
> **20. Defendants' fiduciary duties included a duty to account and hold as trustees all monies, property, income and benefits received by Defendants in the conduct of Plaintiffs' business end from the use of Plaintiffs' property, including all monies, property, income and benefits received by Defendants as a result of their improper, fraudulent and unlawful conduct, and theft as alleged herein.**

Importantly, the duties alleged are implied under the general case law in Arizona describing the nature of an agent's obligations to his principal (see cases collected in Vol. 20, <u>Arizona Digest 2d</u>, "Principal & Agent," at Keynote 48 "Nature of Agent's Obligation") and are <u>not</u> imposed by any statutory scheme adopted in Arizona, or by any express trust.

3

Case 0:09-ap-00128-JMM    Doc 18    Filed 10/08/09    Entered 10/08/09 13:34:31    Desc
Main Document    Page 3 of 8

However, whether there is a § 523(a)(4) fiduciary relationship is a matter of federal law, *Fowler Brothers. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996) and it is well settled in the developed Bankruptcy law of the U.S. Supreme Court and the various Circuits that:

> **"Neither a general fiduciary duty of confidence, trust, loyalty, and good faith . . . nor an inequality between the parties' knowledge or bargaining power . . . is sufficient to establish a fiduciary relationship for purposes of dischargeability."** *Id.* at 1372; *see also, Upshur v. Briscoe,* 138 U.S. 365, 375, 11 S.Ct. 313, 317, 34 L.Ed 931 (1891) ("Within the meaning of the exception in the bankruptcy act, a debt is not created by a person while acting in a 'fiduciary character,' merely because it is created under circumstances in which trust or confidence is reposed in the debtor, in the popular sense of those terms.").

As summarized by the acknowledged authority, Collier Bankruptcy Manual, at ¶ 523.09[1][c], "The Meaning of 'While Acting in a Fiduciary Capacity'":

> <u>The language of section 523(a)(4) relates to "fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." The phrase "while acting in a fiduciary capacity" clearly qualifies the words "fraud or defalcation"</u> and not "embezzlement" or "larceny"; . . .
>
> <u>The qualification that the debtor be acting in a fiduciary capacity has consistently, since its appearance in the Act of 1841, been limited in its application to what may be described as technical or express trusts</u>, and not to trusts *ex maleficio* that may be imposed because of the very act of wrongdoing out of which the contested debt arose. The trust relationship must predate and exist from the act from which the underlying indebtedness arose.

Case 0:09-ap-00128-JMM    Doc 18    Filed 10/08/09    Entered 10/08/09 13:34:31    Desc
Main Document    Page 4 of 8

<u>For purposes of section 523(a)(4), the definition of "fiduciary" is narrowly construed, meaning that the applicable state law creates a fiduciary relationship must [1] clearly outline the fiduciary duties and [2] identify the trust property; if state law does not clearly and expressly impose trust-like obligations on a party, the court will not assume that such duties exist and will not find that there was a fiduciary relationship.</u>

<u>The mere fact that state law places two parties in a relationship that may have some of the characteristics of a fiduciary relationship does not necessarily mean that the relationship is a fiduciary relationship under 11 U.S.C. § 523(a)(4), which requires the existence of an express or technical trust.</u> As one court has observed:

> [C]ase authority recognizes that the traditional definition of "fiduciary" is not applicable in defining "fiduciary capacity" under section 523(a)(4). <u>The general meaning of a fiduciary—a relationship involving confidence, trust and good faith—is far too broad for the purposes of section 523(a)(4) . . . . The Supreme Court favors a narrow construction of the term "fiduciary capacity" and defines the term as meaning arising from an express or technical trust.</u>
>
> *Thus, unless there exists some additional fact, section 523(a)(4), as it relates to a debtor acting in a fiduciary capacity, <u>does not generally apply to frauds of agents</u>, bailees, brokers, factors, and partners, and other persons similarly situated. . . .* (Emphasis and indexing added.)

5

From the very earliest cases on, in construing the preceding statutory equivalents of the current § 523(a)(4), the United States Supreme Court has repeatedly held that excepting a debt from discharge for breach of a fiduciary duty requires much more than is present in common types of commercial relationships. Thus, the Supreme Court, in the case of *Chapman v. Forsyth*, 43 U.S. 202, 2 How. 202, 11 L.Ed. 236 (1844), specifically held that the relationship of principal to agent does <u>not</u> create § 523(a)(4) liability. In that case, the debtor acted as a broker agent for the sale of 150 bales of the plaintiff's cotton and subsequently "misapplied" the sale proceeds. The Court concluded:

> **If the act embrace such a debt, it will be difficult to limit its application. It must include all debts arising from agencies; and indeed all cases where the law implies an obligation from the trust reposed in the debtor. Such a construction would have left but few debts on which the law could operate. In almost all the commercial transactions of the country, confidence is reposed in the punctuality and integrity of the debtor, and a violation of these is, in a commercial sense, a disregard of a trust. But this is not the relation spoken of in the first section of the act. . . . <u>The cases enumerated, 'the defalcation of a public officer,' 'executor,' 'administrator,' 'guardian,' or 'trustee,' are not cases of implied but special trusts, and the 'other fiduciary capacity' mentioned, must mean the same class of trusts.</u> *The act speaks of technical trusts, and not those which the law implies from the contract.* A factor is <u>not</u>, therefore, within the act. (Emphasis added.)**

"Express trusts" are those trust relationships which are intentionally entered into, as such, by the parties, and may involve a formal declaration of trust or a situation where the intention of the parties to form a trust relationship may be inferred by the surrounding facts and circumstances. In either case, as held by the 9th Circuit in its decision of *In re Padrazzini*, 644 F.2d 756 (1981), at footnote 2:

6

> The general characteristics of an express trust are 1)
> sufficient words to create a trust; 2) a definite subject; and 3) a
> certain and ascertained object or res. The intent to create a trust
> relationship rather than a contractual relationship is the key
> element in determining the existence of an express trust.

A "technical trust" is found when a fiduciary capacity is **"imposed by law,"** rather than one which is **"implied by law."** In such circumstances, the fiduciary relationship is created by statute and concerns a statutory "trust *res*." Such a technical trust created by statute must include three elements in order for it to impose fiduciary duties which may be recognized under § 523(a)(4):

> Those elements are: (1) that the trust res must be defined by the
> statute; (2) that the statute must spell out the fiduciary duty; and
> (3) that the statute must impose a trust on funds prior to the act
> creating the debt. *Medved v. Novak (In re Novak & In re
> Lattimore)*, 97 B.R. 47 (Bankr.D.Kan.1987); *see also, Employer's
> Workers Compensation Association v. Kelley (In re Kelley)*, 215
> B.R. 468, 473 (10th Cir. BAP 1997).

The 9th Circuit in *In re Padrazzini, supra,* acknowledges the applicability of "statutory trusts" under § 523(a)(4), but holds:

> The precise manner in which a trust is created, by consent
> or by statute, is of little importance. Rather, the focus should be
> on whether true fiduciary responsibilities have been imposed.

## II.

## CONCLUSION

Consistent with the generally accepted rule of strict construction in favor of the debtor in bankruptcy, it is well established that "exceptions to discharge are to be narrowly construed, and because of the fresh start objectives of bankruptcy, doubt is to be resolved in the debtor's favor." *Bellco First Federal Credit Union v. Kaspar (In re Kaspar)*, 125 F.3d 1358, 1361 (10th Cir.1997).

7

It is too fundamental to require citation of authority that a party is bound by the allegations of his pleadings before this Court. Under the allegations of the Plaintiff's Complaint herein, all that is established, at the very most, are facts which might support various state causes of actions; including, possibly, a State claim for breach of the general implied fiduciary duties of an agent to his principal. However, under all pertinent authorities, it takes more than that to establish a fiduciary duty sufficient for liability under § 523(a)(4) of the Bankruptcy Act.

Finally, the mere allegation of "defalcation" alone does not support imposing an exception to discharge—without first establishing a fiduciary duty that rises to the level which is necessary to find liability under 11 U.S.C. § 523(a)(4). There being a failure of allegations sufficient to establish that fiduciary duty, under any reasonable review of the Plaintiff's Complaint herein, the issue of defalcation is immaterial to this Court granting Mr. Chavez' request that it enter summary judgment dismissing the Plaintiff's Complaint, in its entirety.

**RESPECTFULLY SUBMITTED** this 8th day of October, 2009.

> WATERFALL, ECONOMIDIS, CALDWELL,
> HANSHAW & VILLAMANA, P.C. and
>
> DON B. ENGLER, ESQ.
>
> By _Steven M. Cox_
> Steven M. Cox
> Attorneys for Debtors/Defendants,
> John A. Chavez and Paula F. Chavez

Copy of the foregoing mailed this 8 day of October, 2009:

A. James Clark
Clark & Associates
256 S. Second Avenue, Suite E
Yuma, AZ 85364
Attorneys for Plaintiff, Braden