STEVEN M. COX, Esq.
P.C. #11552 SB #00594

LAW OFFICES
WATERFALL, ECONOMIDIS, CALDWELL,
HANSHAW & VILLAMANA, P.C.
Williams Center, Eighth Floor
5210 E. Williams Circle
Tucson, AZ 85711
Telephone: (520)790-5828
Facsimile: (520) 745-1279

**DON B. ENGLER, P.C.**
**Don Engler, Esq.**
SB # 003583
791 S. 4th Avenue, Suite E.
Yuma, AZ 85364
Telephone: (928) 344-3000
Facsimile: (928) 329-8152

**Attorneys for Debtors/Defendants,**
**John A. Chavez and Paula F. Chavez**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA, YUMA DIVISION

| | |
|---|---|
| In re:<br><br>JOHN A. CHAVEZ and PAULA F. CHAVEZ<br>*Debtor(s)* | Case No. 0:08-bk-18092-JMM<br><br>Chapter: 7 |
| Braden Trust, et al.<br>*Plaintiff(s)*<br><br>v.<br><br>JOHN A. CHAVEZ, et al.<br>*Defendant(s)* | Adversary No.: 0:09-ap-00128-JMM<br><br>**SEPARATE STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Defendants John and Paula Chavez submit the following Separate Statement of Facts, as undisputed for purposes of this proceeding on Defendants' Motion for Summary Judgment, which could also have been styled "Defendants' Motion for Judgment on the Pleadings", which are as follows:

1. Upon Plaintiffs' paragraph six of the Complaint filed herein, the Plaintiffs assert in paragraph VI that "Defendants defalcation of Plaintiffs' money while acting in a fiduciary capacity as Plaintiffs' manager has resulted in debt to Plaintiffs of $337,160. This debt is not dischargeable under 11 U.S.C § 523[(a)(4)]".

2. Also clear, but not expressly stated in the Plaintiffs' Complaint, is that the actual basis for Plaintiffs' claim appears by virtue of the allegations in an earlier State Court "Complaint filed against Defendants in Yuma County Superior Court to recover damages resulting from Defendant John Chavez' [alleged] defalcation"; which is incorporated by reference through the attachment of a copy of that State Court Complaint "as Exhibit A."

3. In turn, the exact nature of the claimed fiduciary obligations of the Debtor John Chavez' allegedly violated by his purported "defalcation" is stated in paragraphs 19 and 20 of said State Court Complaint, as follows:

> **19. As General Manager and an employee of the Plaintiffs, Chavez owed a fiduciary duty to the Plaintiffs to act with the utmost trust, loyalty and care. As a result of such fiduciary relationship, Defendants were legally obligated to maintain the highest degree of loyalty and fidelity to Plaintiffs, and to refrain from deliberately undertaking any action detrimental to Plaintiffs.**
>
> **20. Defendants' fiduciary duties included a duty to account and hold as trustees all monies, property, income and benefits received by Defendants in the conduct of Plaintiffs' business end from the use of Plaintiffs' property, including all monies, property, income and benefits received by Defendants as a result of their improper, fraudulent and unlawful conduct, and theft as alleged herein.**

4. In essence, Defendants' Motion for Summary Judgment relies on the allegations presented in Plaintiffs' Complaint filed herein, all taken as true - together with reasonable inferences therefrom - for purposes of this Motion for Summary Judgment by Defendants. Since these are the allegations asserted by Plaintiff in this proceeding, and Defendants accept them for purposes of this Motion, they are deemed undisputed here.

This completes Defendants' Separate Statement of Facts in support of Defendants' Motion for Summary Judgment filed herein.

**RESPECTFULLY SUBMITTED** this 8th day of October, 2009.

WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW & VILLAMANA, P.C. and

DON B. ENGLER, ESQ.

By *Steven M. Cox*
Steven M. Cox
Attorneys for Debtors/Defendants,
John A. Chavez and Paula F. Chavez

Copy of the foregoing mailed this
8 day of October, 2009:

A. James Clark
Clark & Associates
256 S. Second Avenue, Suite E
Yuma, AZ 85364
Attorneys for Plaintiff, Braden

3