PSTEVEN M. COX, Esq.
PCC #11552 SB #00594

LAW OFFICES
WATERFALL, ECONOMIDIS, CALDWELL,
HANSHAW & VILLAMANA, P.C.
Williams Center, Eighth Floor
5210 E. Williams Circle
Tucson, AZ 85711
Telephone: (520)790-5828
Facsimile: (520) 745-1279

**DON B. ENLGER, P.C.**
**Don Engler, Esq.**
SB #003583
791 S. 4th Avenue, Suite E
Yuma, AZ 85364
Telephone: (928) 344-3000
Facsimile: (928) 329-8152

**Attorneys for Debtors/Defendants,**
**John A. Chavez and Paula F. Chavez**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JOHN A. CHAVEZ and PAULA F. CHAVEZ<br>*Debtor(s)* | Case No. 0:08-bk-18092-JMM<br><br>Chapter: 7 |
| Braden Trust, et al.<br>*Plaintiff(s)*<br><br>v.<br><br>JOHN A. CHAVEZ, et al.<br>*Defendant(s)* | Adversary No.: 0:09-ap-00128-JMM<br><br>**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56(a), F.R.C.P., AND RESPONSE TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT** |

**COMES NOW**, the Debtors/Defendants, John A. Chavez and Paula F. Chavez, through Counsel undersigned, and, pursuant to Rule 7056, F.R.B.P. and Rule 56(a), F.R.C.P.,

hereby reply to Plaintiffs' Response to Defendants' motion for entry of summary judgment dismissing the Plaintiffs' Complaint to Determine Dischargeability of Debt, in its entirety, and respond to Plaintiffs' so-called cross-motion. This pleading is made upon the record herein, the authorities cited and discussion set forth in the following Memorandum of Points and Authorities.

DATED this 24th day of November, 2009.

WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW & VILLAMANA, P.C.

and

DON ENGLER, ESQ.

By /s/ Steven M. Cox
Steven M. Cox
Attorneys for Debtors/Defendants,
John A. Chavez and Paula F. Chavez

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Initially, it must be noted, that the Plaintiffs' Response does not rise, of itself, to a separate and distinct cross-motion under Rule 7056, F.R.B.P. or Rule 56(a), F.R.C.P. Although clearly an effort to further extend the briefing schedule actually permitted under said Rules, for all practical purposes as the so-called cross-motion does not seek relief upon any other claim than placed in issue by the Defendants' Rule 56 Motion or present independent argument in support of any separate claim; it is in fact simply a responsive pleading. Therefore, the Plaintiffs are not entitled, nor should this Court permit Plaintiffs, to file a further surrebuttal or "reply" pleading in this matter.

The Plaintiffs' responsive pleading claims, broadly, that the Defendants' contention that "a principal-agent employment relationship" cannot serve as the basis for § 523(a)(4) liability "is wrong." If so, the Defendants' error should be easily demonstrated by reference

2

Case 0:09-ap-00128-JMM    Doc 30    Filed 11/24/09    Entered 11/24/09 13:57:03    Desc
Main Document    Page 2 of 13

to well-established federal and Arizona case law. As conceded by the Plaintiffs' responsive pleading, whether a relationship is a fiduciary one within the meaning of § 523(a)(4) is an issue of federal law, *In re Lewis,* 97 F.3d 1182, 1185 (9th Cir. 1996); yet, the issue of whether a requisite trust relationship exists is a matter determined under state law. *Id.*; *In re Stanifer,* 236 B.R. 709 (9th Cir. BAP 1999).

However, upon review of all cases actually cited by the Plaintiffs, there is not one pertinent authority to support the Plaintiffs' argument that § 523(a)(4) applies to the "principal-agent employment relationship" which indisputably existed between the Defendant John A. Chavez and the Plaintiff Braden Entities—under the case law of the U.S. Ninth Circuit Court of Appeals, inferior Bankruptcy Courts within the Circuit, or at any level, under the case decisions of the Courts of Arizona. In fact, the case law cited in the responsive pleading (which, as to the majority of citations, rely upon the law of other states and therefore, under *In re Lewis, supra,* are clearly immaterial) addresses only the application of § 523(a)(4) to corporate officers and directors or members of a partnership—not whether the "principal-agent employment relationship" in this case satisfies the required fiduciary status absolutely necessary for nondischargeability under § 523(a)(4).

As to the Plaintiffs' contention in their responsive pleading that § 523(a)(6) also applies, the argument presented, again with no pertinent supporting authorities, suffers from an irreconcilable conflict with § 523(a)(4). The fundamental legal error inherent in this argument is that, under all pertinent authority, these two subsections of § 523 are not interchangeable nor is § 523(a)(6) simply a "catch all" liability provision as to nondischargeability under § 523 generally or, in particular, § 523(a)(4).

Finally, it must also be noted that in accepting—for purposes of this Rule 56 proceeding, only—the material factual allegations of the Plaintiffs' Complaint in this adversary matter, the Defendants do not, of course, also accept the Plaintiffs' unsupported legal contentions. Certainly, the Plaintiffs do not accept any reference to the unconfirmed arbitration award appearing throughout the responsive pleading as having any preclusive effect, under either collateral estoppel or res judicata—for any purpose.

3

Case 0:09-ap-00128-JMM    Doc 30    Filed 11/24/09    Entered 11/24/09 13:57:03    Desc
Main Document    Page 3 of 13

## II.

## § 523(a)(4) DOES NOT APPLY TO A PRINCIPAL-AGENT EMPLOYMENT RELATIONSHIP

As previously briefed, under *Collier* and all other cited authorities, the language of § 523(a)(4) relates, in pertinent part, only to "fraud or defalcation while acting in a fiduciary capacity." The phrase "while acting in a fiduciary capacity" clearly qualifies the words "fraud or defalcation"—such that the requirement of a finding of the statutory "fiduciary capacity" is a precondition to the application of § 523(a)(4), whether "fraud or defalcation" is also proven. The qualification that the debtor be acting in a fiduciary capacity has been consistently held, since its appearance in the Act of 1841, to be limited in its application to "technical or express trusts"; *Chapman v. Forsyth,* 43 U.S. 220, 2 How. 202, 11 L.Ed. 236 (1844). Neither "a general fiduciary duty of confidence, trust, loyalty and good faith" nor an "inequality" between the parties' knowledge or bargaining power is sufficient to establish a fiduciary relationship for purposes of nondischargeability under § 523(a)(4).

For purposes of § 523(a)(4), the definition of "fiduciary" consistently applied by the Supreme Court "favors a narrow construction of the term." Thus, whether applicable state law creates such a relationship is to be narrowly construed and if such law does not clearly and expressly establish the requirements of a fiduciary relationship under § 523(a)(4), "the Court will not assume that the requisite fiduciary duties exists" and "will not find that there was a fiduciary relationship sufficient for nondischargeability." Further, "<u>unless there exists some additional fact, § 523(a)(4), as it relates to a debtor acting in a fiduciary capacity, does not generally apply to frauds of agents</u>"; see also, discussion of *Chapman v. Forsyth, supra,* Motion, pg. 6, lns. 1-23.

It is also clear that if § 523(a)(4) is to have any application in this case based upon an "express trust," it must be justified based solely upon the Employment Agreement between the Defendant John A. Chavez and the Braden Entities cited and relied upon extensively by the Plaintiffs in their responsive pleading. However, under all pertinent authorities, neither the Agreement nor Arizona law provides any justification for the finding of either an

4

"express" or "technical" trust relationship in this case sufficient for the application of § 523(a)(4) to deny dischargeability:

 1. In defining an "express trust," as previously briefed, the Ninth Circuit has held in its decision of *In re Padrazzini,* 644 F.2d 756 (1981), at footnote 2:

> **The general characteristics of an express trust are 1) sufficient words to create a trust; 2) a definite subject; and 3) a certain and ascertained object or res. <u>The intent to create a trust relationship *rather than a contractual relationship* is the key element in determining the existence of an express trust</u>;**

 2. However, the duties expressly assumed by Mr. Chavez under the terms of his Employment Agreement are exactly of that general nature which are <u>not</u> sufficient under the narrow construction of § 523(a)(4) required under all pertinent authorities; e.g., Mr. Chavez only expressly agreed (1) to assume "overall responsibility for all phases of the farming operations of employer"; (2) to "serve diligently and according to his best abilities in all respects, and generally do all things for the best interests of employer that are usually done by persons occupying a position as General Manager"; and (3) while Mr. Chavez was also given "the authority to do and perform, or cause to be performed, all such services, acts or things as he shall deem necessary or advisable to manage and conduct the farming operations of the employer" it was also specifically agreed that such actions must be "consistent with the policies set from time to time by the employer." Clearly, there was no "express trust" created by the Employment Agreement within the requirements mandated by the Ninth Circuit in its decision of *In re Padrazzini, supra*;

 3. As to whether a "technical trust" exists, it is conceded by the Plaintiffs in their responsive pleading, that the Employment Agreement created <u>only "a principal-agent employment relationship."</u> Of course, the fundamental law distinguishing the elements of "a principal-agent employment agreement" from the legal relationships, created under both statutory and case law, between a corporation and its officers or directors or between

5

members of a partnership should be apparent to any reasonable mind;

4. In fact, as previously briefed, the duties actually alleged by the Plaintiffs in support of their Complaint are derived, entirely, from their earlier allegations set forth in their State Court Complaint that as a general manager/employee of the Plaintiffs, Mr. Chavez "owed a fiduciary duty to the Plaintiffs to act with the utmost trust, loyalty and care." While such general fiduciary duties are consistent with the case decisions of the Courts in Arizona collected in Vol. 20, <u>Arizona Digest 2d</u>, Principal & Agent," at Keynote 48 "Nature of Agent's Obligation," **<u>not one Arizona case collected therein or cited in the responsive pleading holds that an employee in a principal-agent employment relationship, such as Mr. Chavez, has ever been construed, based solely upon the relationship, directly or indirectly, as a "trustee" of his employer as a matter of Arizona law, for any purpose</u>**;

5. A cited case found in the responsive pleading (but not discussed) which is informative (1) as confirmation of the Ninth Circuit's adoption of the law applicable to § 523(a)(4) above referenced and (2) the conservative construction required in determining a fiduciary relationship sufficient for nondischargeability under § 523(a)(4) imposed upon Federal Courts by the Supreme Courts' rulings, is the decision of the Bankruptcy Appellate Panel of the Ninth Circuit *In re Stanifer, supra*. Of course, the case did <u>not</u> involve a principal-agent employment relationship but, rather, the determination of whether § 523(a)(4) applied to a marital community under California law.

In the Court's analysis, it found the fiduciary relationship of members of a marital community analogous to the fiduciary duties imposed upon members of a partnership under California law. The Court noted that while the Ninth Circuit in its previous decision in *Ragsdale v. Haller*, 780 F.2d 794 (9th Cir. 1986), determined that under the statutory law of California sufficient fiduciary duties did not exist between partners to apply § 523(a)(4), the Ninth Circuit nevertheless found the necessary fiduciary duties for the application of § 523(a)(4) were created by case precedent—however, as an example of the conservative construction required, the Court in *Stanifer* noted that this finding was only justified by the Ninth Circuit's citation to the express ruling in *Leff v. Gunter*, 33 Cal.3d 508, 658 P.2d 740

(1983), that "Partners are <u>trustees</u> for each other" (see fn. 6). Again, as no Arizona authority has made a finding of <u>any</u> "trust relationship" between an employer and employee solely under agency principles, there can be no "technical trust" sufficient for the application of § 523(a)(4) in this case.

## III.

## § 523(a)(6) DOES NOT APPLY

In the Plaintiffs' four paragraph minimal discussion s to the purported application of § 523(a)(6) (with even less cited authority—which is <u>not</u> discussed) appearing in Section C of the responsive pleading (pg. 10, ln. 23 - pg. 11, ln. 14), the Plaintiffs broadly contend that their general citation to "§ 523 as a whole" was sufficient to allege the application of § 523(a)(6) and that, further, in denying the Defendants' earlier Motion to Dismiss, "this Court specifically held that Plaintiffs' Complaint properly states a cause of action for the nondischargeability of debt under 11 U.S.C.A. § 523(a)(6) as well as § 523(a)(4). (Order dated 6-4-09)." However, the Plaintiffs' contention as to the adequacy of a general citation of § 523 as justification for the actual application of subsection (a)(6) to this case and the Plaintiffs' misconstruction of the effect of this Court's denial of a Rule 12(b)(6) motion are both, flatly wrong.

In its discussion of § 523(a)(6), <u>Collier Bankruptcy Manual</u>, at ¶ 523.11, states, in pertinent part:

> **Three other subsections of section 523 (a) make different sorts of debts procured by fraud nondischargeable.**[5]
>
> **[I]n considering claims of nondischargeability under section 523(a)(6) arising from conduct which may give rise to nondischargeability of a debt under other subsections of section 523(a), courts must be careful to preserve the elements of nondischargeability and limitations on nondischargeability found in other, more specific subsections of section 523 to prevent section 523(a)(6) from**

7

**rendering those other subsections superfluous. For example, under section 523(a)(2)(B), a false statement concerning the financial condition of a debtor or an insider may give rise to a nondischargeable debt only if the statement was in writing. The courts have held that section 523(a)(6) cannot be used to circumvent section 523(a)(2)(B)'s requirement of a writing and that a debtor's oral misrepresentations concerning his financial condition cannot give rise to a nondischargeable debt under section 523(a)(6).**

⁵*See* 11 U.S.C. *§ 523(a)*(2), *(4)*, (11). (Emphasis added.)

The basis for the requirement of distinguishing the application of § 523(a)(6) especially from § 523(a)(4) as above referenced by Collier is cogently explained in the cited decision of *Berkson v. Gulevsky (In re Gulevsky),* 362 F.3d 961 (7th Cir.2004) (see fn. 6); which, in rejecting the argument that § 523(a)(6) might be pled as an alternative theory to § 523(a)(2), held, in pertinent part, as follows:

> **The normal rules of statutory construction and interpretation of § 523 work against Berkson's position. Exceptions to discharge are to be construed narrowly, and the subsections of § 523 should not be construed to make others superfluous.** *Kawaauhau,* 523 U.S. at 62, 118 S.Ct. 974; *In re Chambers,* 348 F.3d 650, 654 (7th Cir.2003). **Furthermore, when both a specific and general provisions govern a situation, the specific one controls.** *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 384-85, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992); *In re Lifshultz Fast Freight Corp.,* 63 F.3d 621, 628(7th Cir.1995).

and;

8

Case 0:09-ap-00128-JMM    Doc 30    Filed 11/24/09    Entered 11/24/09 13:57:03    Desc
Main Document    Page 8 of 13

> Fraud, of course, in an intentional tort and § 523(a)(6) makes many intentional torts nondischargeable. *Kawaauhau,* 523 U.S. at 61, 118 S.Ct. 974; *In re Williams,* 337 F.3d 504, 508 (5th Cir.2003); *In re Diamond,* 285 F.3d 822, 828 (9th Cir.2002). But § 523(a)(6) cannot make all debts procured by fraud nondischargeable, because that would make superfluous § 523(a)(2), *§ 523(a)(4),* and § 523(a)(11), *all of which make different sorts of debts procured by fraud nondischargeable.* (Emphasis added.)

As held in *McCrary v. Barrack (In re Barrack),* 217 B.R. 598 (B.A.P. 9th Cir. 1998), also cited by Collier, in rejecting the attempt to assert the application of § 523(a)(6) and § 523(a)(2): (1) **"McCrary's fraud claims could not 'simply be moved over to § 523(a)(6)'"** and (2) **"We hold that when a claim has been asserted that is required by the plain language of § 523(a)(2) to be brought exclusively under § 523(A)(2)(B), but it fails under that section due to the lack of a writing, then the claim, which is dismissable under § 523(a)(2), cannot state a cause of action under § 523(a)(6)."**

In determining whether the Plaintiffs' claim which is asserted **"is required by the plain language of [§ 523(a)(4)] to be brought exclusively under [§ 523(a)(4)]"** of course, the Court must examine the Plaintiffs' Complaint and its incorporated exhibits. Upon any such review, the Court will find only a stated claim under § 523(a)(4):

1. The Complaint to Determine Dischargeability of Debt alleges, in pertinent part:

> **II.**
>
> **Plaintiffs' claim arising out of Defendant John Chavez's employment of Plaintiffs as ranch manager** from the period 2002 through March 2007.
>
> **V.**
>
> As reflected in the arbitration award, $337,160 dollars of the award was entered **because Defendant John A.**

9

**Chavez breached his fiduciary duty to Plaintiffs by misappropriating funds held or controlled by him in his fiduciary capacity as manager of the Plaintiffs' ranch** and his failure to properly account for those funds. [In fact, the arbitrators denied the Plaintiffs' claim for "an accounting."]

VI.

**Defendants *defalcation* of the Plaintiffs' money *while acting in a fiduciary capacity as Plaintiffs' manager* has resulted in debt to Plaintiffs of $337,160. This debt is not dischargeable under 11 U.S.C. § 523 of the United States Bankruptcy Code. (Emphasis added.)**

2. The Plaintiffs' State Court Complaint (attached as Exhibit A to Plaintiffs' Complaint herein) alleges liability, in pertinent part, as follows:

19. ***As* General Manager and *an employee of the Plaintiffs*, Chavez owed *a fiduciary duty* to the Plaintiffs to act with the utmost trust, loyalty and care. *As a result of such fiduciary relationship,* Defendants were legally obligated to maintain the highest degree of loyalty and fidelity to Plaintiffs, and to refrain from deliberately undertaking any action detrimental to the interests of Plaintiffs. (Emphasis added.)**

3. The unconfirmed Arbitration Award (attached as Exhibit B to Plaintiffs' Complaint herein) finds "with respect to *claims against Mr. Chavez*" liability only, in each instance, upon the sole basis that Mr. Chavez purportedly "violated his fiduciary duty." The unconfirmed Arbitration Award, in addition to denying "any claims of the parties [which] have not been mentioned," specifically denies "the racketeering claim [which alleged actual fraud], and the claim for an accounting" and notes that "the tortious bad faith breach of contract claim has been withdrawn" (the Plaintiffs' claim for "theft" had been previously

10

dismissed). <u>There is no finding, on the face of the unconfirmed Arbitration Award, that Mr. Chavez committed any actual fraud against the Plaintiffs</u> nor did the arbitrators award either the punitive damages or attorney's fees/costs requested by the Plaintiffs.

### IV.

### THE ARBITRATION AWARD IS NOT ENTITLED TO PRECLUSIVE EFFECT UNDER EITHER COLLATERAL ESTOPPEL OR RES JUDICATA, FOR ANY PURPOSE

This Court in its Order of June 4, 2009 took great pains to point out the limitations imposed by Rule upon the Court in reviewing the Defendants' Motion to Dismiss:

> **A court, at this stage of a case, must assume that all well-pleaded allegations are true, and simply test the sufficiency of the complaint on that basis. This is all a court need do at such an early stage of the case. If the complaint states a viable legal claim, the matter must proceed through the next steps of an adversary proceeding;**

and, as to the limited scope of its findings, stated:

> **The court has reviewed the complaint in its full context, both on its allegations and its incorporated exhibits. It *appears* that <u>a viable cause of action has been pled, on § 523(a)(4) and (6) theories</u>. *Whether the Plaintiffs can prove it, and whether to give preclusive effect to the arbitration award, remains for another day*. The Defendants have fair notice of the allegations, and must now file an answer.**
> **(Emphasis added.)**

Of course, the issue of whether § 523(a)(6) may serve as a "catch all" claim to § 523(a)(4)—and the above-referenced authorities rejecting the Plaintiffs' contention that it may—was not before this Court nor briefed by the parties when this Court's Order of June 4, 2009 was entered.

As previously stated, it is the Defendants' contention that—other than as necessary

11

Case 0:09-ap-00128-JMM    Doc 30    Filed 11/24/09    Entered 11/24/09 13:57:03    Desc
Main Document    Page 11 of 13

to determine whether the "plain language" of the Plaintiffs' claim must be determined, exclusively under § 523(a)(4)—that the unconfirmed Arbitration Award attached as Exhibit B to the Plaintiffs' Complaint <u>cannot</u>, as a matter of law, be given preclusive effect under either the doctrine of collateral estoppel or res judicata in these proceedings, for any purpose. Pursuant to Rule, the Defendants will not reiterate the entirety of their discussion of the controlling authorities so holding—as stated, in particularity, in the Defendants' Motion to Dismiss and Reply pleadings referenced in this Court's Order of June 4, 2009—however, said pleadings <u>are incorporated by reference as if set forth herein</u>, in their entirety.

## V.

## CONCLUSION

As may be seen by the above-cited authorities, § 523(a)(4) is to be strictly construed in its interpretation and application in the case before this Court. As previously briefed, this is entirely consistent with the generally accepted rule of strict construction in favor of the debtor in bankruptcy; i.e., it is well established that "exceptions to discharge are to be narrowly construed, and because of the fresh start objectives of bankruptcy, doubt is to be resolved in the debtor's favor." *Bellco First Federal Credit Union v. Kaspar (In re Kaspar)*, 125 F.3d 1358, 1361 (10th Cir.1997). Defendants respectfully request that this Court enter its order of summary judgment dismissing the Plaintiffs' claim as clearly insufficient to state or establish the Defendants' nondischargeability under 11 U.S.C.A. § 523(a)(4).

**RESPECTFULLY SUBMITTED** this 24th day of November, 2009.

WATERFALL, ECONOMIDIS, CALDWELL,
HANSHAW & VILLAMANA, P.C.

and

DON ENGLER, ESQ.

By /s/ Steven M. Cox
Steven M. Cox
Attorneys for Debtors/Defendants,
John A. Chavez and Paula F. Chavez

12

Case 0:09-ap-00128-JMM    Doc 30    Filed 11/24/09    Entered 11/24/09 13:57:03    Desc
Main Document    Page 12 of 13

Copy of the foregoing mailed this
24 day of November, 2009:

A. James Clark
Clark & Associates
256 S. Second Avenue, Suite E
Yuma, AZ 85364
Attorneys for Plaintiff, Braden

*/s/ OM*